ESTATE of Martha M. BYERS, Deceased, et al., Petitioners-Appellants.

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 72–1523.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 4, 1972.

Decided Jan. 23, 1973.

---

H. Thompson Nicholas, Jr., Cincinnati, Ohio, for petitioners-appellants.

Dennis M. Donohue, Atty., Tax. Div., Dept. of Justice, Washington, D. C., for respondent-appellee; Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Atty., Tax Div., Dept. of Justice, Washington, D. C., on brief.

Before WEICK, CELEBREZZE and LIVELY, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the Tax Court that Appellant had an income tax deficiency for the year 1965 and disallowing Appellant's claim for overpayment of income tax.

Appellant and his brother were engaged in business related principally to the selling of automobiles and trucks. Their business was conducted through many corporations, most of which were wholly owned by their families. Both were officers of the corporations. While the corporate policy was not to make any loans to officers, employees and customers, the brothers personally loaned money to many companies and individuals over a period of forty years. These loans were made to officers, employees and customers of the business. This case involves financial assistance given to the J. W. Jaeger Company to settle outstanding debts.

In 1965, Appellant reported as a capital loss money paid to creditors of

the Jaeger Company. He also claimed as a business loss the unrecovered advances made to the Company. The Tax Court ruled that the advances were not proximately related to Appellant's business as a corporate officer and could only be deducted as non-business bad debts. A bad debt loss may be deducted by an individual under § 166 of the Internal Revenue Code, 26 U.S.C. § 166, if the debt is incurred in the course of a trade or business. The Treasury Regulations, § 1.66–5(b) state that a debt loss is deductible under that section if there is a proximate relationship between the debt and the trade or business. Appellant was in the position of both employee and shareholder of the family corporations. As the Supreme Court said in United States v. Generes, 405 U.S. 93, 92 S.Ct. 827, 31 L.Ed.2d 62 (1972), these interests are not the same. Byers' status as a shareholder was a non-business interest. The question presented, then, is whether the loan made by Appellant was proximately related to his business as an employee of the corporation.

The Court in United States v. Generes, *supra*, stated that "in determining whether a bad debt has a 'proximate' relation to the taxpayer's trade or business, as the Regulations specify, and thus qualifies as a business bad debt, the proper measure is that of dominant motivation, and that only significant motivation is not sufficient." 405 U.S. at 103, 92 S.Ct. at 833. We think that the record indicates that Appellant has failed to satisfy the standard required by the *Generes* case. Since 1950 he had been chief operating officer of all the corporations controlled by the Byers families. During this time his compensation remained unchanged. His salary was $3,000 per year plus ten percent of the net earnings of the several corporations, limited to a maximum of $65,000. His position did not require him to loan money to customers of the corporations nor was it necessary that he do so in order to protect and maintain his position. The corporation itself had a rigid policy against giving any corporate financial assistance to employees or customers. There is nothing to indicate that Appellant's salary was at all enhanced by the loan. In short, we hold that Appellant has failed to show that his business was his dominant motivation for making the loan.

Appellant alternatively contends that the loss can be treated as an ordinary and necessary business expense under § 162(a) of the Code, 26 U.S.C. § 162(a) or as an expense incurred for the production of income and for the conservation and maintenance of property held for the production of income under § 212 of the Code, 26 U.S.C. § 212. We do not think that the advances made to the Jaeger Company can properly be characterized as expenses. They were made with the expectation that the money would be repaid and they were therefore loans, not expenses. No deduction for losses incurred from loans made is available under §§ 162(a) or 212. Walsh v. Commissioner of Internal Revenue, 313 F.2d 389 (4th Cir. 1963).

The judgment of the Tax Court is affirmed.