Samuel C. and Clare H. **LOVENTHAL**, Plaintiffs-Appellants,

v.

**UNITED STATES** of America, Defendant-Appellee.

No. 72–1993.

United States Court of Appeals, Sixth Circuit.

Argued April 9, 1973.

Decided May 8, 1973.

H. Stennis Little, Jr., Nashville, Tenn., for plaintiffs-appellants.

Gordon S. Gilman, Atty., Tax Div., Dept. of Justice, for defendant-appellee; Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Leonard J. Henzke, Jr., Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief; Charles H. Anderson, U. S. Atty., of counsel.

Before PHILLIPS, Chief Judge, LIVELY, Circuit Judge, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

The taxpayers appeal from the judgment of the district court which denied their claim for refund of income taxes which they asserted were erroneously assessed and collected. The controversy arose out of the guarantee by Samuel C. Loventhal, who was an employee of Loventhal Brothers, Inc., of a debt of another corporation in which he was a shareholder, but from which he received no compensation. The debtor corporation became insolvent and the taxpayer was required to pay a portion of its debts and he claimed the amount thus paid as a business bad debt under Section 166(a) of the Internal Revenue Code of 1954. The Internal Revenue Service maintained that the payment was a nonbusiness bad debt under Section 166(d) of the Code and assessed deficiencies for the year 1967.

An examination of the entire record, including the transcript of the hearing in the district court, depositions and stipulations, together with the briefs and oral arguments has convinced this Court that the dominant motivation of Samuel C. Loventhal in guaranteeing the debts of Old Hickory Construction Company, Inc. was to enhance his position as an investor in Loventhal Brothers, Inc. and Old Hickory Construction Company, Inc. rather than to protect or enhance his position as an employee of either corporation. The findings and conclusions contained in the Memorandum of District Judge L. Clure Morton dated June 29, 1972 and reported in 346 F.Supp. 1318 (1972), are fully supported by the record. See also Estate of Martha M. Byers et al. v. Commissioner of Internal Revenue, 472 F.2d 590 (6th Cir. 1973).

The judgment of the district court is affirmed.